IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN DOWDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-CV-549-WKW |
| | ) | [WO] |
| LEE COUNTY, ALABAMA; | ) | |
| JAY JONES, individually and in | ) | |
| his capacity as Sheriff for Lee | ) | |
| County, Alabama; RICHARD | ) | |
| ZAYAS, individually and in his | ) | |
| capacity as a Deputy Sheriff for | ) | |
| Lee County, Alabama; and | ) | |
| COREY WELCH, individually | ) | |
| and in his capacity as the Assistant | ) | |
| Administrator for the Lee County | ) | |
| Jail, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are several motions filed by the parties, including the following: Defendant Lee County's Motion for Summary Judgment (Doc. # 1-9); Plaintiff Calvin Dowdell's Motion to Accept Plaintiff's Second Motion to Compel (Doc. # 1-10); the Motions to Dismiss (Docs. # 13 & 15) filed by all Defendants; Plaintiff's Motion to Remand (Doc. # 21) this matter to the state court; and

Plaintiff's Motion for Leave to Amend the Complaint[1] (Doc. # 24).  For the reasons that follow, all motions, save Plaintiff's Motion for Leave to Amend, will be denied.

## I. BACKGROUND

Although this action was removed to this court in August of 2017, it has been pending since May of 2015, when Plaintiff originally filed his complaint in the Circuit Court of Lee County, Alabama.  (*See* Doc. # 1-1.)  Plaintiff sued Lee County, Lee County Sheriff Jay Jones, Sheriff's Deputies Richard Zayas and Robert Alexander, and a number of fictitious parties.  (Doc. # 1-1, at 2.)  Plaintiff alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983, as well as several state law tort claims.  (Doc. # 1-1, at 2.)  Over the following two years, discovery and motions practice ensued, and additional complaints were filed. Pertinent to today's Order are the following state court developments: Plaintiff filed his First Amended Complaint on September 29, 2015 (Doc. # 1-2); the Circuit Court granted-in-part and denied-in-part the motions to dismiss filed by the defendants named in the First Amended Complaint on April 4, 2016, specifically declining to dismiss Plaintiff's claims against Lee County and Defendants Zayas and Jones in their individual capacities (Doc. # 1-11, at 150–54); Plaintiff filed his Motion for Leave to File Second Amended Complaint to Add Additional Parties,

---

[1] Plaintiff's motion to amend the complaint is contained in his Reply to Defendants' Response to Plaintiff's Opposition to Removal.  (Doc. # 24, at 4.)

2

namely Defendant Corey Welch, on June 29, 2017 (Doc. # 1-11, at 265–66); the Circuit Court entered an order granting Plaintiff's Motion for Leave to File Second Amended Complaint on June 30, 2017, and instructed Plaintiff both to file the Second Amended Complaint on or before July 15, 2017, and to file, on or before July 21, 2017, another motion to compel to address purportedly inadequate discovery responses from Defendants (Doc. # 1-11, at 268); Defendant Lee County filed its Motion for Summary Judgment on July 10, 2017 (Doc. # 1-9); Plaintiff filed his Second Amended Complaint on July 14, 2017 (Doc. # 1-4); Plaintiff filed his Motion to Accept Plaintiff's Second Motion to Compel on July 22, 2017 (Doc. # 1-10); and Defendants filed their "Objection to the Second Amended Complaint" on August 1, 2017, in which Defendants asserted that Plaintiff's claim against Defendant Welch is time-barred (Doc. # 1-11, at 496–97). On August 11, 2017, Defendant Welch filed his Notice of Removal of the action in this court. (Doc. # 1.)

Because Plaintiff alleges violations of his constitutional rights, Defendant Welch correctly asserts that removal is substantively appropriate because this court has original jurisdiction over such claims and may exercise supplemental jurisdiction over Plaintiff's state law claims. (Doc. # 1, at 3.) Defendant Welch further asserts that, because he was not served with the Second Amended Complaint until July 18, 2017, and was not a party to any previous iteration of the

complaint, as the "last-served defendant" he was entitled to remove the action, and did remove the action, within thirty days from the date of service of the Second Amended Complaint. (Doc. # 1, at 2–3.) Defendant Welch also indicates that all Defendants, through their common counsel, have consented to the removal. (Doc. # 1, at 3.) Finally, counsel for Defendants certified in the Notice of Removal, erroneously as it turns out, that he provided a copy of the Notice via electronic mail to Plaintiff's counsel on August 11, 2017. (Doc. # 1, at 4.[2]) Defendant Welch's counsel also certified that he served a copy of the Notice on the Lee County Circuit Court Clerk via Federal Express overnight delivery on August 11, 2017. (Doc. # 1, at 4.)

On August 17, 2017, Defendants filed their motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's Second Amended Complaint fails to state any claims upon which relief could be granted under the Federal Rules' standard of pleading, as explicated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*See* Doc. # 14, at 4–12; Doc. # 16, at 4–8.) On August 23, 2017, the court entered an Order (Doc. # 17) instructing Plaintiff that, should he elect not to seek a timely remand of the matter to the state court, then he must file a written

---

[2] Defendant Welch later clarified that Plaintiff's counsel was provided with a "hard copy" of the Notice of Removal that was mailed on August 11, 2017, and with email communications sent by counsel on August 17, 2017. (*See* Doc. # 25, at 1–2.)

4

response by September 18, 2017, and show cause why Defendants' motions to dismiss should not be granted. On that date, however, Plaintiff filed his Opposition to Defendant's Removal and Motion to Remand (Doc. # 21). On September 19, 2017, Defendants filed their Response (Doc. # 22) in opposition to Plaintiff's Motion to Remand, in which they argued that Plaintiff's Motion to Remand is untimely and without merit. Also on September 19, 2017, the court entered an Order (Doc. # 23) directing Plaintiff to reply to Defendants' response and, particularly, to address Defendants' timeliness argument. Thereafter, on September 27, 2017, Plaintiff filed his Reply (Doc. # 24), in which he argued that Defendant Welch failed to comply with the statutory requirements of removal, and thus failed to timely perfect the removal, and further asserted that his Motion to Remand was timely filed because he was never properly served with notice of the removal and, furthermore, the improper service he was afforded was not made until August 17, 2017. Finally, on September 29, 2017, Defendants filed their Reply (Doc. # 25) to Plaintiff's reply, in which they argue that the removal was procedurally proper and timely perfected, notwithstanding any purported defects highlighted by Plaintiff.

## II. DISCUSSION

A. **Motion to Remand**

The court first considers Plaintiff's motion to remand, in which Plaintiff, when read in conjunction with his reply to Defendants' opposition to remand, argues that Defendant Welch did not timely remove the matter to this court due to his purported failures to comply with the statutory requirements of removal.

Federal courts are courts of limited jurisdiction. Congress has granted federal district courts original subject-matter jurisdiction over only two types of civil actions: (1) those "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) those that involve an amount in controversy in excess of $75,000 "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," *id.* § 1332. Pursuant to 28 U.S.C. § 1441(a), defendants have the right to remove an action from state court to federal court, so long as the federal court would have had original subject-matter jurisdiction over the action pursuant to § 1331 or § 1332. While defendants have a right to remove, "removal statutes are construed narrowly; [and] where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Here, there is no dispute that this court has original jurisdiction over the subject matter of a portion of Plaintiff's suit — his constitutional claims against all Defendants — or that the court may exercise supplemental jurisdiction over the remainder of the suit. Rather, Plaintiff challenges whether Defendant Welch has complied with the procedural requirements of removal. Those procedural requirements are a matter of federal statutory law. When removing a case to federal court, notice must be filed with the federal court "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). This means that once a defendant is served with the complaint in state court the clock begins ticking and the defendant has thirty days from service to remove the case if he so desires. For multi-defendant litigation in which defendants are served on different days, the Eleventh Circuit recognizes the "last-served defendant" rule, which affords each defendant thirty days from the date of formal service to file a notice of removal. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208–09 (11th Cir. 2008). Removal by the last-served defendant timely removes the case, even if a previously served defendant's thirty-day window to remove has expired. *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 810 (11th Cir. 2012) (citing *Bailey*, 536 F.3d at 1207).

Here, Plaintiff's Second Amended Complaint, the first iteration to name Defendant Welch, was filed in the state court on July 14, 2017, and was served on Defendant Welch on July 18, 2017. (*See* Doc. # 1-5.) Defendant Welch, as the last-served defendant in state court, filed his notice of removal with this court on August 11, 2017. (Doc. # 1.) Accordingly, Defendant Welch timely filed his notice of removal to this court. *See Bailey*, 536 F.3d at 1209 (holding that each served defendant is permitted thirty days after service of the complaint in which to seek removal).[3]

Notwithstanding the foregoing, Plaintiff charges that Defendant Welch "failed to meet all the requirements of removal." (Doc. # 24, at 2.) In particular, Plaintiff argues that Defendant Welch failed to comply with the statutory requirements of removal when he, purportedly, failed to give Plaintiff prompt and proper notice of the removal within thirty days of his receipt of the Second Amended Complaint and, furthermore, failed to attach to the Notice of Removal all of the state court "process, pleadings, and orders" required by 28 U.S.C. § 1446(a). (Doc. # 24, at 2–3.) Thus, Plaintiff reasons, "Defendant Corey Welch has failed to remove the case within the 30 day[] statutory limit." (Doc. # 24, at 2.)

---

[3] In addition to timeliness, when multiple defendants have been served in state court, the law requires that *all* defendants either join in the removal or consent to the removal in federal court. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). Here, counsel for Defendant Welch, who represents all Defendants in this matter, informs that all Defendants consent to the removal of this action. (Doc. # 1, at 3.)

Defendants argue that Plaintiff's opposition to removal and motion to remand is untimely. (Doc. # 22, at 1.) As Plaintiff raises procedural, rather than jurisdictional, challenges to removal, his motion is subject to the statutory time limitation imposed on parties opposing removal. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "[F]ederal courts strictly observe the thirty-day deadline for filing motions to remand." *Packard v. Temenos Advisory, Inc.*, 159 F. Supp. 3d 1344, 1351 (S.D. Ga. 2016) (quoting *Alter v. Bell Helicopter Textron, Inc.*, 944 F. Supp. 531, 535 (S.D. Tex. 1996)). Failure to file an objection to a nonjurisdictional defect in removal procedure within the statutory time limit of § 1447(c) constitutes a waiver of the supposed procedurally defective removal. *See, e.g.*, *Petrano v. Old Republic Nat'l Title Ins. Co.*, 590 F. App'x 927, 929 (11th Cir. 2014).

Defendant Welch filed his Notice of Removal in this court on August 11, 2017. (Doc. # 1.) Accordingly, Plaintiff's objection to removal and motion to remand was due on Monday, September 11, 2017 — the first business day following the expiration of thirty days following August 11, 2017. Because Plaintiff did not file his opposition to removal and motion to remand until

9

September 18, 2017, it is untimely.[4] Plaintiff provides no explanation for the late filing of his motion to remand, other than his remark that it was "inadvertently filed on September 18, 2017 counting from the date Notice of Removal was received from Defendants by electronic mail, which was August 17, 2017." (Doc. # 24, at 1.) Plaintiff provides no authority that his "inadvertence" excuses his failure to comply with the strict requirements of § 1447(c). Moreover, to the extent Plaintiff is arguing that the thirty-day limitations period should run from his receipt of written notice of the removal rather than the filing of the notice in federal court, his argument is unavailing. First, the statute — which is to be strictly applied — plainly provides that the thirty days begins running at the time the notice of removal is filed in federal court, not when notice is served on other parties or the state court. 28 U.S.C. § 1447(c). Although the statute does require that written notice of the removal be given to adverse parties and the state court "[p]romptly after the filing" of the notice of removal in federal court, Plaintiff has provided no authority that a purported failure to deliver such prompt notice by the removing party, or that service of such notice by mail, effectively tolls the running of the thirty-day limitations period of § 1447(c). Indeed, courts have rejected such

---

[4] Plaintiff filed his Motion to Remand on the date on which the Magistrate Judge directed Plaintiff to file his response to Defendants' Motions to Dismiss. (*See* Doc. # 17.) The September 18 deadline was imposed by the Magistrate Judge as contingent upon Plaintiff's decision not to seek remand "within the time permitted by 28 U.S.C. § 1447(c)." (Doc. # 17.) Nothing in the Magistrate Judge's Order suggested that September 18 was the due date for any opposition to removal or motion to remand under § 1447(c).

argument. *See, e.g.*, *Pavone v. Miss. Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995); *Ramos v. Quien*, 631 F. Supp. 2d. 601, 607–09 (E.D. Pa. 2008); *Brown v. Prudential Ins. Co. of Am.*, 954 F. Supp. 1582, 1583–84 (S.D. Ga. 1997).

Here, counsel for Defendant Welch indicates that Plaintiff was provided with a copy of the Notice mailed on August 11, 2017. (Doc. # 25, at 1.) Additionally, this court's receipt of the filing of the Notice of Removal indicates that the Clerk of Court mailed notice of the removal to Plaintiff's counsel on or before August 16, 2017. Plaintiff does not contend that he did not receive any mailing containing the Notice of Removal, and he further concedes that his counsel received email notice of the removal on August 17, 2017. (Doc. # 24, at 2.) Finally, this court further placed Plaintiff on notice of the relevant limitations period in its August 23, 2017, Order, which was entered approximately nineteen days before the running of the thirty-day limitations period. That Order, too, was mailed to Plaintiff's counsel. It is evident that Plaintiff had adequate notice of the removal of this action and of his need to timely raise any objection, including any objection premised on Defendant Welch's purported failure to give proper notice of removal, and that he had obtained such notice with sufficient time to make a timely objection. Yet, owing perhaps to his own "inadvertence," Plaintiff failed to file his motion to remand within the thirty days required by § 1447(c).

Accordingly, the motion is untimely,[5] Plaintiff has waived his objections to the supposed procedural defects in removal, and the motion to remand is due to be denied.[6]

---

[5] Another reason that Plaintiff's Motion to Remand is untimely is that the motion filed on September 18, 2017, does not contain the procedural arguments that actually constitute his challenge to removal. Those objections were first raised in Plaintiff's September 27, 2017, reply to Defendants' assertion that his original motion to remand was untimely. (*See* Doc. # 24, at 1–4.) Even if Plaintiff's tolling theory applied, this later filing is indisputably untimely as an initial objection to Defendant's notice of removal. Plaintiff's actual Motion to Remand only raised a number of irrelevant objections to removal, including the amount of time the action had already been pending in state court, the fact that Defendants had already argued in the state court that Plaintiff's claim against Defendant Welch is time-barred, and Plaintiff's belief that removal would be inconvenient for parties and witnesses and would result in additional delay. (Doc. # 21, at 1–2.)

[6] Were Plaintiff's motion to remand not untimely, on the merits he still would not be entitled to remand. First, Plaintiff does not deny that he received the mailing containing written notice that was sent by defense counsel on August 11, 2017, and he cites no authority for any proposition that defense counsel's separate August 17, 2017 email could not serve as the prompt written notice required by § 1446(d). In any event, Defendant Welch's failure to give proper and prompt notice of removal to Plaintiff, if any, is a procedural defect that may be cured after the thirty days for removal allowed by § 1446(b) has elapsed. *See, e.g.*, *Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015) (affirming district court's denial of motion to remand where removing defendant's notice of removal was procedurally defective, in that it violated the "unanimity rule," but such defect was cured by parties' actions after the motion to remand was filed). Furthermore, the record establishes that, in mailing and later emailing Plaintiff's counsel notice concerning the removal, Defendant Welch endeavored in good faith to provide Plaintiff with prompt, written notice of removal and, in any event, Plaintiff has not shown any prejudice due to any delayed notice. Therefore, remand would not be in order. *See, e.g.*, *Keys v. Dean Morris, LLP*, No. 12-49-FJP-SCR, 2012 WL 1345483, at *1 (M.D. La. Apr. 18, 2012), *adopting* Report and Recommendation, 2012 WL 1344375, at *2 (M.D. La. Mar. 27, 2012) (recommending denial of a motion to remand premised on failure to give prompt notice to adverse party because such "defect is procedural and one that can be cured, if necessary, by simply providing the written notice required by § 1446(d)" and plaintiff failed to show any prejudice due to delayed receipt of notice).

Likewise, Plaintiff's contention that the notice was defective because it purportedly failed to include copies of required state court pleadings and materials is, even if true, also a procedural defect that can subsequently be cured and, therefore, does not require remand. *See Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286–87 (11th Cir. 1985); *Wood v. City of Lanett*, 564 F. Supp. 2d 1317, 1321 (M.D. Ala. 2008). Furthermore, the court is not persuaded

B.   **Motion for Leave to Amend**

As an alternative to Plaintiff's motion to remand this matter back to the state court, Plaintiff requests that, before he is made to respond to Defendants' motions to dismiss, he "be allowed to amend the complaint to meet the pleading standard" of the Federal Rules, as enunciated in *Twombly* and *Iqbal*. (Doc. # 24, at 4.) Defendants have not opposed this request.

Federal Rule of Civil Procedure 15 permits a plaintiff to amend his or her complaint as a matter of course within twenty-one days of service of the complaint, or within twenty-one days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Where the plaintiff may not amend as a matter of course, the plaintiff must obtain consent of the defendant or leave of court to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such cases, "[t]he court should freely give leave when justice so requires." *Id.* Courts have

---

on the record before it that Defendant Welch actually failed to attach the documents Plaintiff charges him with having omitted. Specifically, Plaintiff argues that Defendant Welch failed to attach the following: "Plaintiff's responses to Defendants' Motion to Dismiss, Plaintiff's Motion for Leave to Amend, Plaintiff's motions to compel, Order on Plaintiff's Motion for Leave to Amend, and Defendant Jay Jones, Lee County, Alabama, and Richard Zayas Objection to Plaintiff's Second Amended Complaint." (Doc. # 24, at 3.) However, it appears to the court that these documents, or at least documents conspicuously similar in their titles, were in fact provided with the notice of removal. (*See* Doc. # 1-11, at 126–33 ("Plaintiff's Response to Motion to Dismiss"); 265–66 ("Plaintiff's Motion for Leave to File Second Amended Complaint to Add Additional Parties"); 218–45 (Plaintiff's "Motion to Compel" and exhibits); 378–494 (Plaintiff's "Motion to Accept Plaintiff's Second Motion to Compel" and "Plaintiff's Second Motion to Compel" and exhibits); 268 (the Circuit Court's Order granting Plaintiff leave to file the Second Amended Complaint); and 496–97 ("Defendants' Objection to the Second Amended Complaint"). In consideration of this record, Plaintiff has provided an insufficient basis to conclude that Defendant's notice did not comply with the requirements of § 1446(a).

long recognized that this standard for allowing amendment under the Rule is "liberal." *See In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014). However, the Rules' mandate for "liberal" allowance is not without readily discernible limits. *See id.* at 1108–09 ("[A] motion for leave to amend may appropriately be denied (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." (internal quotation marks and citation omitted)); *see also Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

In this instance, Plaintiff's motion for leave to amend is well-taken. Plaintiff's Second Amended Complaint was filed in state court after a prior request for leave to amend was granted by that court. Plaintiff had already been litigating this matter in state court for over two years, and he reasonably could have relied upon his belief that the matter would stay in the state court while tailoring his factual pleadings to state law, rather than federal law, requirements. The Alabama and federal pleading burdens are not interchangeable, and the federal standard is more demanding. *See Mahone v. R.R. Dawson Bridge Co., LLC*, No. 2:14-cv-99-

WHA, 2014 WL 2154223, at *2 (M.D. Ala. May 22, 2014) ("Alabama has not adopted the heightened pleading standards of the federal courts; rather, Alabama's traditional notice-pleading standards are still in effect."). Thus, where Plaintiff filed his complaint in state court to comport with that forum's more relaxed pleading requirements, and where Defendants have removed the matter to this court and challenged the sufficiency of Plaintiff's allegations pursuant to the more exacting federal standard, justice is best served by allowing Plaintiff an opportunity to re-plead his claims under the federal pleading standard. In addition, there has been no showing, and the court does not find, that "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed," or that the requested amendment would cause undue prejudice to any Defendant, or that Plaintiff's amendment would be futile. *In re Engle Cases*, 767 F.3d at 1108–09 (citation omitted). Accordingly, under the liberal standard of Rule 15, Plaintiff's motion for leave to amend his complaint to conform to federal pleading standards is due to be granted.

C. **Other Motions**

There are four other remaining motions pending before the court: Defendant Lee County's Motion for Summary Judgment (Doc. # 1-9), filed in the state court before removal; Plaintiff's Motion to Accept Plaintiff's Second Motion to Compel (Doc. # 1-10), also filed in the state court before removal; and the aforementioned

Motions to Dismiss (Docs. # 13 & 15) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants after removal to this court. Because Plaintiff has requested, and will be afforded, leave to further amend his complaint, all of these motions will be denied without prejudice to the parties' ability to renew their motions should circumstances dictate after the filing of Plaintiff's Third Amended Complaint.

### III. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion to Remand (Doc. # 21) this matter to the state court is DENIED;

2. Plaintiff's Motion for Leave to Amend the Complaint (Doc. # 24) is GRANTED;

3. Plaintiff shall file his Third Amended Complaint **on or before April 13, 2018**;

4. Defendant Lee County's Motion for Summary Judgment (Doc. # 1-9) is DENIED without prejudice to Defendant's ability to renew the motion after Plaintiff has filed the Third Amended Complaint;

5. Plaintiff's Motion to Accept Plaintiff's Second Motion to Compel (Doc. # 1-10) is DENIED without prejudice to Plaintiff's ability to

renew the motion after discovery in support of the Third Amended Complaint begins;

6. Defendants Jones, Zayas, and Welch's Motion to Dismiss (Doc. # 13) is DENIED without prejudice to Defendants' ability to renew the motion upon Plaintiff's filing of the Third Amended Complaint;

7. Defendant Lee County's Motion to Dismiss (Doc. # 15) is DENIED without prejudice to Defendant's ability to renew the motion upon Plaintiff's filing of the Third Amended Complaint; and

8. This action is REFERRED back to the Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate.

DONE this 28th day of March, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE