IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CALVIN DOWDELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:17-cv-00549-WC |
| | ) |
| LEE COUNTY, ALABAMA, et al., | ) |
| | ) |
|     Defendants. | ) |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW, CALVIN DOWDELL (hereinafter referred to as "Mr. Dowdell")

and amends the original complaint against LEE COUNTY, ALABAMA (hereinafter

referred to as "Lee County, Alabama"), JAY JONES, INDIVIDUALLY (hereinafter

referred to as "Defendant Jones"), RICHARD ZAYAS, INDIVIDUALLY (hereinafter

referred to as "Defendant Zayas"), and COREY WELCH, INDIVIDUALLY AND IN

HIS OFFICIAL CAPACITY (hereinafter referred to as "Defendant Welch") and

fictitious parties, A and B who are individuals, and C and D, who are corporations or

other business entities currently unknown, but who will be substituted by amendment,

and for cause of action would respectfully show unto this Honorable Court as follows:

### INTRODUCTION

1. This is a civil action arising under the United States Constitution, particularly

under the provisions of the Fourth, Eighth and Fourteenth Amendment to the

Constitution of the United States, and under federal law, particularly the Civil

Rights Act, Title 42 of the United States Code § 1983, seeking damages against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Mr. Dowdell of rights secured under the Constitution and laws of the United States.[1]

2. Plaintiff Calvin Dowdell, an adult and resident of Lee County, Alabama, sues defendants Jay Jones, individually, Richard Zayas, individually, and Corey Welch, individually and in his capacity as the Assistant Administrator for Lee County Jail, acting under color of law as Lee County Sheriff and Deputy, for the Lee County Sheriff Department's pattern and practice of allowing the Lee County Jail to overdetain the Plaintiff on two separate occasions in violation of Mr. Dowdell's clearly established Fourth, Eight and Fourteenth Amendment rights, protected through 42 U.S.C. § 1983, and by the Defendants' deliberate indifference to the effect of the practice of overdetention on the rights of the Plaintiff. To overdetain means holding an individual in the Lee County Detention Facility beyond his release date.

3. Mr. Dowdell also brings common law overdetetion (false imprisonment) claims against Defendant Corey Welch.

4. Mr. Dowdell sues Lee County, Alabama for breaching its statutory duty to furnish a jail facility with adequate equipment to ensure proper functioning of the jail.

---

[1] Although Plaintiff refers to Defendants collectively at times, specific factual references are made concerning actions or inactions by specific Defendants throughout this Complaint – these are not global allegations. As such, this pleading complies with current federal standards. FED. R. CIV. P. 8.

Plaintiff brings this action against Lee County, Alabama under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. 1983 to enforce the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the correlating provisions of the Alabama Constitution of 1901, and state common law claims, for injuries suffered by him due to Lee County, Alabama negligence and breach of statutory duties.

5. Mr. Dowdell seeks declaratory and injunctive relief against the defendants to prevent future infliction of unreasonably motivated harm and costs, reasonable attorney fees pursuant to 42 U.S.C. § 1988, and all other just legal and equitable relief. Mr. Dowdell demands a jury trial.

## JURISDICTION AND VENUE

6. Mr. Dowdell timely submitted notice to Lee County, Alabama.

7. Plaintiff states claims that arise under the United States Constitution and the laws of the United States, specifically, U.S. Const. amend. IV, VIII, and XIV, 42 U.S.C. § 1981.

8. 42 U.S.C. § Provides a remedy.

9. This Court has already determined that it has subject matter jurisdiction.

10. This court has supplemental jurisdiction to hear the state claims that will be set forth in this complaint.

11. A substantial part of the acts complained of occurred in Lee County, Alabama.

## PARTIES

12. Plaintiff, Calvin Dowdell, is a resident of Lee County, Alabama and a U.S. citizen.

13. Defendant Jay Jones

14. Defendant Richard Zayas

15. Defendant Lee County, Alabama is a political subdivision within Alabama.
    Defendant Lee County, Alabama is the entity organized under the law of Alabama,
    with the capacity to sue and be sued. The County Commission is the legal entity
    statutorily responsible for maintaining, equipping and funding the Lee County Jail.

## FACTS

16. The Lee County Jail allows investigators or law enforcement to place holds,
    without a warrant, on individuals in the Lee County Jail.

17. These holds can range for various lengths of time.

18. The Lee County Sheriff's Department has a policy that allows for an inmate that is
    to be processed for release to be detained beyond the release date and/or adequate
    processing time for release at the request of an investigator and/or law
    enforcement, even if the investigator and/or law enforcement officer has not
    secured a warrant for the individual.

19. Plaintiff alleges that he was the victim of said policy on more than one occassion.
    In fact, Defendant Welch stated in his deposition that his investigation of
    Plaintiff's over-detentions were due to the fax machine not receiving the faxed
    order of release, on the one occasion, and the other overdetention was due to the
    hold.

    a. "Q. Okay. And do you know that there's two occasions which he was over-
       detained?

"A. Yes. I can't remember the – I think one was the incident about the hold, the investiga – the hold. […]" (Welch Dep. 10:12-16.)

20. Defendants Jones, Zayas, and Welch has a policy, pattern and practice of incarcerating Mr. Dowdell longer than legally authorized.

21. The Lee County Jail does not have a policy to ensure against overdetention, such as giving release of individuals priority over other tasks.

22. All of the booking and releases of individuals from the Lee County Jail are performed electronically.

## FIRST OVERDETENTION

23. On May 24, 2013, Mr. Dowdell was arrested and placed in the Lee County Jail.

24. Mr. Dowdell's arrest did not occur pursuant to an arrest warrant.

25. On May 25, 2013, a bond was signed by Mr. Dowdell and a bonding company.

26. Lee County Jail personnel completed National Crime Information Center warrant search which resulted in no active warrants found.

27. On the eCase Management HDI system, used by the Lee County Jail during this time, displayed that on 5/25/13 Mr. Dowdell was to be released.

28. At some point, it was communicated to the Lee County Clerk's office that Mr. Dowdell was released on May 25, 2013. The Alacourt system reflects that Mr. Dowdell was released on May 25, 2013.

29. Mr. Dowdell was to be released on May 25, 2013.

30. Mr. Dowdell was not released until May 29, 2013.

31. The eCase Management HDI system displayed that Mr. Dowdell was actually released from the Lee County Jail on May 29, 2013.

32. According to the eCase Management HDI system, Mr. Dowdell was not released in a timely manner due to a "hold" that was not based on an outstanding warrant. However, due to Lee County, Alabama allowing Defendant Jones to replace the eCase Management HDI system on a backup that can no longer be accessed by the current system used in the Lee County Jail, it is unknown at this time which investigator or law enforcement requested the arbitrary hold be entered into the eCase Management HDI system nor the time of that entry. Defendant Welch stated that the hold was placed by the investigator for the arrest on May 24, 2013. (Welch dep. 15:25-16:1-4.)

33. Mr. Dowdell informed officers on several occasions that he should not be held since he had posted bond.

34. On information and belief, while Mr. Dowdell was overdetained, Mr. Dowdell complained to Defendant Zayas. Defendant Zayas refused to address Mr. Dowdell's concern about being overdetained, and instead informed Mr. Dowdell he would have a 72 hour investigatory hold.

35. At some point, Lee County Jail staff removed the hold from the eCase Management HDI system, and Mr. Dowdell was released four days after his released date.

36. Once a person is due to be released by court order, the authority of the jailer to hold that person ceases, and that individual can be held no longer.

37. At all relevant times, defendants Jay Jones, Richard Zayas, and Corey Welch were acting under color of state law.

38. Due to Mr. Dowdell being overdetained in the Lee County Jail, his car was impounded, he missed work resulting in the loss of his employment, and his loss of employment resulted in his car being repossessed.

SECOND OVERDETENTION

39. On or about August 23, 2013, Mr. Dowdell was placed in the custody of the Lee County Jail due to child support arrearage.

40. On October 18, 2013, Mr. Dowdell's mother paid his purge.

41. On October 18, 2013, Honorable Michael Fellows ordered Mr. Dowdell released from jail.

42. That said order of release was faxed and/or email to an email established specifically for order of committal and orders of release. At this time, it is unclear whether the order was faxed or emailed.

43. On October 18, 2013, the eCase Management HDI system displayed that Mr. Dowdell was to be released on October 18, 2013.

44. eCase Management HDI system displayed that Mr. Dowdell was not released until October 22, 2013.

45. Compliance with a court order to release an inmate is not a discretionary by Defendant Jones, Zayas, and Welch.

46. When Mr. Dowdell complained of being held after an order for is release, he was told by personnel that he was being held on a 72 hour hold.

47. At all relevant times, defendants Jay Jones, Richard Zayas, and Corey Welch were acting under color of state law.

48. Due to Mr. Dowdell being overdetained in the Lee County Jail, he missed work resulting in the loss of his employment.

## LEE COUNTY, ALABAMA AND JAY JONES, RICHARD ZAYAS, AND COREY WELCH

49. Lee County, Alabama has a statutory duty to keep the jails and all the equipment therein from a state of repair, to preserve it from failure or decline.

50. Lee County, Alabama is authorized by statute to inspect the jail but failed to do so

51. Lee County, Alabama breached its statutory duty by:

   a. Allowing equipment provided to the Lee County Jail to fail and/or malfunction and thus, fall into a state of disrepair.

52. The Lee County Sheriff's procedures manual requires that inmates' records be kept for 10 years. Due to the inability to maintain the eCase Management HDI system, Lee County, Alabama replaced that system with Southern Software. The data from eCase Management HDI system was backed up to servers in a format that is currently inaccessible to the Lee County Jail. Prior to eCase Management HDI, Lee County, Alabama provide the Lee County Jail with a case management system called Bloodhound System.

53. The case management system provided by Lee County, Alabama is an internet based system.

54. As a direct and proximate cause of Defendants' actions and/or omissions, Plaintiff has suffered humiliation, embarrassment, and loss of liberty.

55. The actions and/or omissions of the Defendants described herein were conducted intentionally, willfully, maliciously and/or negligently and with callous, reckless, and deliberate indifference to the clearly established constitutional rights of Plaintiff.

56. Defendants Jay Jones, Richard Zayas, and Corey Welch acts are in deliberate, intentional, or reckless disregard of Mr. Dowdell's clearly established constitutional right to be free from unreasonable seizure under U.S. Const. Amend. IV, VIII and XIV, protected through 42 U.S.C. § 1983.

57. Mr. Dowdell suffers damages in amount as a jury shall award.

58. Plaintiff is fearful that he will suffer the same repeated violations of his rights by Defendants if he is placed in the Lee County Jail.

COUNT SIX – 42 U.S.C. §1983 DEFENDANT LEE COUNTY

59. Plaintiff repeats and re-alleges each and every statement set forth above as though each were set forth herein.

60. Defendant's inactions and failure to maintain the jail and to fund adequate and properly maintain computer software amounted to deliberate indifference to Plaintiff's clearly established rights in violation of the Fourteenth Amendment.

61. Defendant has a statutory duty to keep a jail and all equipment therein in a state of repair and to preserve it from failure or decline.

62. Lee County, Alabama is authorized by statute to inspect the jail but failed to do so

63. Lee County, Alabama breached its statutory duty by:

a. Allowing equipment provided to the Lee County Jail to fail and/or malfunction and thus, fall into a state of disrepair.

64. Defendant has allowed the Lee County Jail computer system to fall into a state of failure and/or decline and has failed to ensure proper functioning of the jail in order to ensure timely release of prisoners. Thus, Defendant has breached its statutory duty.

65. Defendant's deliberate indifference to inmates' constitutional rights arises from failure to fund appropriate equipment to ensure proper functioning of the jail and to ensure timely release of prisoners.

66. Plaintiff had the right to be free from confinement without due process of law.

67. Plaintiff was overdetained on two separate occasion, which would not have happened but for Defendant's failing to inspect the state of the equipment Lee County, Alabama provided through funding.

68. Plaintiff is thus entitled to compensatory damages, general and special, resulting from the violation of the aforementioned constitutional rights under 42 U.S.C. § 1983.

69. Plaintiff has been forced to pursue this action in search of justice and to enforce the provisions of 42 U.S.C. § 1983 and are therefore entitled to be awarded reasonable attorney's fees as part of the costs pursuant to 41 U.S.C. § 1988.

70. That as a direct result of the acts and omissions of the Defendants, and each of them, Plaintiff has been damaged.

### COUNT SEVEN – NEGLIGENCE DEFENDANT LEE COUNTY

71. Plaintiff repeats and re-alleges each and every statement set forth above as though each were set forth herein.

72. Defendant has a statutory duty to maintain the jail and is obligated to pay any expenses incident to the maintenance of the building and all its equipment from failure or decline.

73. Defendant breached that duty by failing to fund adequate equipment for the jail, causing the Plaintiff to be overdetained. Defendant breached that duty by failing to provide the jail facility with adequate computer software for the efficient processing of inmates, which resulted and/or contributed to the Plaintiff being over-detained.

74. Defendant's breach of its statutory duty in failing to fund adequate computer software system caused and/or contributed to the violation of Plaintiff's constitutional rights.

75. As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered serious emotional distress and the loss of property and employment; humiliation and embarrassment.

### COUNT EIGHT – 42 U.S.C. § 1983 – DEFENDANT JONES, ZAYAS AND WELCH

76. Plaintiff repeats and re-alleges each and every statement set forth above as though each were set forth herein.

77. Defendants, and each of them, acted under color of law in detaining Plaintiff without legal probable cause, thereby depriving Plaintiff of certain constitutionally

protected rights, including but not limited to, the right not to be deprived of liberty without due process of law as guaranteed by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

78. That as a result of the foregoing wrongful and unlawful acts of Defendants as alleged above, Plaintiff was deprived of his freedom. The wrong and unlawful acts perpetrated by Defendants in intentionally disregarding the constitutional rights of the Plaintiff were willful, oppressive, malicious and within wanton disregard for the established rights of the Plaintiff.

79. Defendants' policy regarding "holds" amount to intentional and deliberate indifference to clearly established guaranteed by the Constitution and applicable state law.

80. Plaintiff was willfully, maliciously, and intentionally imprisoned without justification, reasonable suspicion, probable cause, or a void warrant.

81. Defendants' actions were committed with actual malice toward Plaintiff and with willful and wanton disregard to and deliberate indifference for Plaintiff's constitutional and statutory rights.

82. Defendant Jones has a statutory duty to provide a written report of a prisoner's discharge to the Lee County Clerk's office.

83. Defendants had knowledge of Dowdell's signed bond and/or Lee County Family Division Judge Fellows' order releasing Dowdell, and that Defendants disregarded the same.

84. Defendant Zayas had actual knowledge of Plaintiff's complaints of being over-detained but failed to investigation or take any action to correct the illegality of Plaintiff's confinement. Zayas was deliberately indifferent.

85. Defendants acted in bad faith, beyond their authority and/or in a mistaken interpretation of law when they held Plaintiff after Plaintiff had signed a bond, on one occasion, and after a court ordered Plaintiff's release, on another occasion.

86. Defendants participated in and/or ratified the overdetention of Plaintiff.

87. Sheriff Jay Jones is the final policy maker, directly liable for the acts of all Defendant Officers for failing to enforce the rights provided under the United States Constitution and the laws of the State of Alabama.

88. The Defendant has the duty and responsibility to implement and enforce the guidelines, procedures, and regulations of the Lee County Sheriff's Department and to train and supervise the conduct of its employees to ensure they are properly trained.

89. The Defendant Sheriff's failure to enforce the rights provided under the United States Constitution, the laws of the State of Alabama, and the regulations of the Lee County Sheriff's Department encouraged and caused constitutional violations by all Defendant Officers.

90. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was deprived of his physical liberty.

91. The unlawful detentions of Plaintiff by Defendants when Defendant officers knew Plaintiff was due to be released, by bond and/or by court order, and where no valid

warrant existed was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of the Plaintiff. Plaintiff is thus entitled to exemplary damages against the individual defendants in their individual capacity.

92. Plaintiff is entitled to injunctive relief, compensatory and exemplary damages resulting from the violation of the aforementioned rights under 42 U.S.C. § 1983.

93. Plaintiff has been forced to pursue this action in search of justice and to enforce the provisions of 42 U.S.C. § 1983 and is therefore entitled to be awarded reasonable attorney's fees pursuant to 41 U.S.C. § 1988.

94. That as a direct result of the acts and omissions of the Defendants, and each of them. Plaintiff was damaged.

## COUNT NINE - FALSE IMPRISONMENT DEFENDANT WELCH

95. Plaintiff repeats and re-alleges each and every statement set forth above as though each were set forth herein.

96. Defendant Welch's conduct, as described above, of overdetaining Plaintiff constitutes false imprisonment.

97. Plaintiff avers that the Defendant Welch breached a duty of care owed to Plaintiff, so as not to deprive him of his personal liberty, by intentionally restraining or detaining him without just cause and without mittimus from a court.

98. Plaintiff avers that the Defendant Welch acted in bad faith, beyond their authority, and/or in a mistaken interpretation of law.

99. Plaintiff avers that the Defendant Welch, without probable cause, wrongfully and unlawfully detained and restrained the Plaintiff against his will through use of force for a period of four days on one occasion and four days on another occasion.

100. Plaintiff had the right to be free from imprisonment at the hands of Defendant Welch.

101. Plaintiff avers that Defendant Welch, in his individual capacities, is liable to him for false imprisonment.

102. As a direct and proximate result of Defendant Welch's conduct, Plaintiff has incurred special and general damages in an amount to be shown at the time of trial.

103. Defendant Welch's conduct was committed intentionally, maliciously, and with conscious disregard to the safety and liberty interest of the Plaintiff warranting the imposition of punitive damages.

104. That as a direct result of the acts and omissions of the Welch, Plaintiff was caused to suffer damages.

## CONCLUSION

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For compensatory damages against Defendants;

B. For injunctive relief;

C. For punitive and exemplary damages in a sum in excess of $75,000.00;

D. For reasonable sum as attorneys' fees, costs of suit and interest;

E. For such other and further relief as the Court deems just and proper; and

F.  A jury for the trial of this matter.


RESPECTFULLY submitted this 13th day of April, 2018.

/s/ Jodi C. Dykes
Jodi C. Dykes (DYK004)
Attorney for Plaintiff
214 N. College Street
Auburn, AL 36830
(850) 373-8816
jcfdykes@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of April, 2018, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participant:

Fred L. Clements, Esquire
Webb & Eley, P.C.
7475 Halcyon Pointe Dr.
Montgomery, AL 36124
fclements@webbeley.com
rmcneill@webbeley.com

/s/ Jodi C. Dykes
Jodi C. Dykes

VERIFIED CLAIM

STATE OF ALABAMA

LEE COUNTY

Before me, the undersigned, personally appeared Calvin Dowdell who is more than 19 years old and of sound mind and being duly sworn stated the following:

My name is Calvin Dowdell, date of birth ███████████, and I am of sound mind. I am a resident of Lee County, Alabama. I was arrested on or about May 24, 2013 for Driving Under The Influence Of Alcohol. I made bond, but was not released. I was not given a real reason for this but I was not released on May 25, 2013 as stated in the court records. I was held and learned later that it might have been on an investigative hold. I believe it was on May 28 or 29, 2013. I had several child support court dates and was held for purges. My mother paid my purge on October 18, 2013 but I was not released for several days. Prior to my release, I was brought out and told that I was being transferred to the POD at the jail. I was told there was a hold for Burglary III. After checking and detaining me at the library, I was released. I feel I was wrongfully held in May and in October, 2013. I had been to court on my DUI charge on October 2, 2013, was given credit for 30 days on a one year sentence and a release was entered on that case. While I was being held on the child support, I sent written notice of appeal to the Court Clerk appealing the DUI conviction and to my knowledge it should not have been holding me in any way. I was eventually released on or about October 22nd or 23rd 2013. I have been damaged by being held on more than one occasion longer than I should have been held and for no legal reason.

I demand damages in the amount of $100,000.00

*Calvin W. Dowdell*

Calvin Dowdell

Sworn to and subscribed before me this the 23rd day of May, 2014.

Notary Public
Commission Expires 11/10/17

ENTERED
MAY 23 2014
received
*Alice M. Fitzgerald*

| | | | | | | | | | Money/Descri |
|---|---|---|---|---|---|---|---|---|---|
| 10/03/2013 | FEE DELETED | OT30 | 2014002 | 00 | $8.00 | D001 | | N | AHM |
| 10/10/2013 | FEE DELETED | OT30 | 2014010 | 00 | $110.00 | D001 | | N | AHM |
| 10/10/2013 | FEE DELETED | LADM | 2014010 | 00 | $60.00 | D001 | | N | AHM |
| 10/10/2013 | FEE DELETED | TADM | 2014010 | 00 | $26.00 | D001 | | N | AHM |
| 10/10/2013 | FEE DELETED | LCJF | 2014010 | 00 | $60.00 | D001 | | N | AHM |
| 10/10/2013 | FEE DELETED | LCSF | 2014010 | 00 | $21.00 | D001 | | N | AHM |
| 10/10/2013 | FEE DELETED | CT10 | 2014010 | 00 | $280.00 | D001 | | N | AHM |
| 10/10/2013 | FEE DELETED | ST10 | 2014010 | 00 | $100.00 | D001 | | N | AHM |
| 10/10/2013 | FEE DELETED | ST15 | 2014010 | 00 | -$100.00 | D001 | | N | AHM |

## Suits/Witness List

| Witness | Name | | | Represents Party/Attorney | Date Issued | Return Type | Date Served | SID No./Des |
|---|---|---|---|---|---|---|---|---|
| W001 | FREDDY ROWELL | | | 000 | 08/20/2013 | | | |

## Case Action Summary

| Date | Time | Code | Comments | | Operator |
|---|---|---|---|---|---|
| 8/10/2013 | 2:50 PM | ESTS | BNF STATUS SET TO: "A"  (TR01) | | AHM |
| 8/10/2013 | 2:50 PM | FILE | FILED ON: 08/13/2013 CHARGE: DUI  (TR01) | | AHM |
| 8/10/2013 | 2:50 PM | PROB | PROSECUTOR ASSIGNED: TREESE ROBERT THOMAS III | | AHM |
| 8/10/2013 | 2:50 PM | BACC | B A/C IS UNKNOWN  (TR01) | | AHM |
| 8/10/2013 | 2:50 PM | OTHR | DEFENDANT OTHER DUE:  $147.00  (TR01) | | AHM |
| 8/10/2013 | 2:51 PM | BOND | BOND SET FOR:  $750.00  (TR01) | | AHM |
| 8/10/2013 | 2:51 PM | RELS | | | AHM |
| 8/10/2013 | 2:51 PM | S001 | PAYMENT FREQUENCY SET TO: "L"  (FEE1) | | AHM |
| 8/10/2013 | 2:51 PM | S001 | ENF PLACEMENT STATUS SET TO: "H"  (FEE1) | | AHM |
| 8/26/2013 | 8:33 AM | PTRL | PRE-TRIAL NOTICE MAILED 08/26/2013 | | A00 |
| 8/7/2013 | 11:05 AM | JETRO | DEFENDER APOPOINTED (WES MCGOLLUM ON 8/7/13) | | J |
| 8/7/2013 | 11:05 AM | DATE | SET FOR: BENCH TRIAL ON 10/02/2013 @ 0900A  (TR01) | | AJA |
| 8/20/2013 | 4:04 PM | W001 | ADDED: FREDDY ROWELL  (AW21) | | AHM |
| 8/20/2013 | 10:57 AM | ESOAN | SCAN - FILED 08/20/2013 - COMPLETE FILE | | AHM |

© Alacourt.com   1/8/2014       4

 

*eCASE Manager* ™
Case Management System
Corrections & Accountability Officers

▸ Home    ▸ Search    ▸ Case Management    ▸ Administration    ▸ Reports    ▸ Logout    ▸ Help

Login Name: jgoodwin

Booking Number: JP-05242013-3948

Booked-In Date: 05/24/2013   Current Status: RELEASED   Last Updated: 2013-05-29 16:18:01

Inmate: DOWDELL, CALVIN W

Release Date: 5/25/2013     Meal Code:          Hold:

FORM NAME: LCSO

⚙ Check Out and Edit

- Jail Processing
  - LCSO-Jail Processing
    - OCA# 21772
  - LCSO-Booking Charges
    - Add New Form
    - (R) PRIVATE PROPERTY DUI/ 750.00 BOND
  - LCSO-Arrest
    - F6
  - LCSO-Booked-In And Released
    - LCSO
  - LCSO-Medical Screening Form
    - Add New Form
    - MEDICAL/NA
  - LCSO-Booking Property
    - Add New Form
    - BIN# 68
  - LCSO-Courts
  - LCSO-Disciplinary Report
  - LCSO-Holds
    - Add New Form
    - LCSO
  - LCSO-Inmate Transport
  - LCSO-Medical Examination
  - LCSO-Notification of Charges
  - LCSO-Scanning Form
  - Associated Cases
    - [No association found]

| Book In and Release | |
|---|---|
| Booking Number: JP-05242013-3948 | |
| Next Projected Release Date from Charges: | |
| Final Projected Release Date from Charges: 5/25/2013 | |
| Is the Inmate charged with a Felony? | No |
| Meal Code | LEE COUNTY SHERIFF'S OFFICE (NOTE: MEAL CODE SHOULD BE ASSIGNED TO THE DEPARTMENT/AGENCY THAT IS CHARGING THE INMATE. ALL FELONIES WILL DEFAULT TO LEE COUNTY SHERIFF OFFICE.) |
| Book In Date: | 5/24/2013 |
| Release Date: | 5/29/2013 |
| Booking Status | RELEASED |
| Release Type | NONE |
| Release Officer (Prefix,Last,First, Middle,Suffix) | NONE  GOODWIN J W  NONE |
| Remarks | NCIC CLEAR BY DONNA BONDED BY 24/7 COURT DATE JULY 10 ALL PROPERTY RETURNED UPON RELEASE. |



  *eCASE Manager* ™ 
Case Management System

Login Name: rseay

Booking Number: JP-05242013-3948

Booked-In Date: 05/24/2013

Current Status: BOOKED-IN

Last Updated: 2013-05-24 23:50:56

Inmate: DOWDELL, CALVIN W

Release Date:

Meal Code: LEE COUNTY SHERIFF'S OFFICE

Hold:

Release

FORM NAME: BIN# 68

✎ Check Out and Edit

| Booking Property | |
|---|---|
| Booking Number JP-05242013-3948 | |
| Property Name | Property Type Other |
| Description 5 DEBIT CARDS, CIGARETTS, DRIVERS LIC, CELL PHONE, GOODYS HEADACHE POWDER. | |
| Quantity | Cash $24.00 |
| Property Bin Number 68 | |
| ⊠ Impounded | Impound Lot |
| Remarks MONEY IN SAFE. | |

*NCIC Clear Donna*

Def. RFP Doc #000076

5/24/2013

π's Exhibit
2

# 24-7 One Call of Alabama, LLC
## Power of Attorney

No. 445



Knowing all by this presents, that the 24-7 One Call of Alabama, LLC, a bail bond company duly organized and existing under the laws of the State of Alabama, has constituted and appointed, and does hereby constitute and appoint:

Agent: _Dallas Cox_ its true and lawful attorney in fact, full power and authority to sign the company's name and deliver on its behalf as surety and all obligations as herein provided, and the execution of such obligation in pursuance of these presents shall be as being upon the company as full and to all intents and purpose as if done by the regular elected officers of the said company and its home office in their proper person; and the said company hereby ratifies and conforms all and whatsoever its said attorney in fact may lawfully do and perform in premises virtue if these presents.

This power of attorney is void if altered in any way. The obligation of this company shall not exceed the sum of one hundred thousand dollars ($ 100,000.00) and may be executed for the recognizance of bail bonds only.

Date: _5-25-13_     Bond Amount: $ _750.00_

Officer: _D.U.T._

Court: _District_ of _Lee County_ AL.

Court Date: _7-10-13_

Defendant Name: _Calvin Dowdell_

Agent Signature: _Dallas Co_

Π's exhibit
4

| State of Alabama<br>Unified Judicial System<br>Form CR-13    Rev. 8/93 | CONSOLIDATED APPEARANCE BOND<br>(District Court, Grand Jury, Circuit Court) | Case Number<br>TV 13-3737 |
| --- | --- | --- |

IN THE _District_ COURT OF _Lee_ , ALABAMA
(Circuit or District) (Name of County)

STATE OF ALABAMA V. _Dowdell Calvin_
Defendant

I, _Dowdell Calvin_ (Defendant), as principal,
Undersigned
and I (we), _____ (Please print)
_____, as surety(ies), agree
to pay the State of Alabama the sum of $ _750.00_ and such costs as authorized by law unless the above-named defendant
appears before the district court of the county on _July 12_ (date) at _9:00_ M. (time) (if date and time
are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time
to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury and
from session to session thereafter until discharged by law to answer to the charge of _Driving under the Suspended_ , or any other charge as authorized by law.
We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal
to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and
sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially
waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption
that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.
It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue
in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above
charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are
otherwise duly exonerated as provided by law.
Signed and sealed this date with notice that false statements are punishable as perjury.

Signature of Defendant X _Calvin W. Dowdell_ (L.S.)
Address (print) _P. Leo Rd 867_    City _Auburn_  State _AL_  Zip _36832_
Signature of Surety/Agent of Professional Surety or Bail Company _____ (L.S.)  Signature of Surety/Agent of Professional Surety or Bail Company _____ (L.S.)
Social Security Number _834-897-9777_  Telephone Number   Social Security Number   Telephone Number
Address (print) _P Box 3692 Auburn AL 36831_  City  State  Zip  Address (print)  City  State  Zip
Signature of Surety/Agent of Professional Surety or Bail Company _____ (L.S.)  Signature of Surety/Agent of Professional Surety or Bail Company _____ (L.S.)
Social Security Number   Telephone Number   Social Security Number   Telephone Number
Address (print)  City  State  Zip  Address (print)  City  State  Zip

Approved by Judge/Magistrate/Sheriff
_____
Date _7/25/13_    By, Deputy Sheriff _____ 2/3/59

| Defendant's Information | | | | |
| --- | --- | --- | --- | --- |
| Date of Birth ~~_____~~ | Sex _M_ | Height _6'7_ | Weight _190_ | Employer |
| Social Security Number ~~_____~~ | Race | Hair _BLK_ | Eyes _BRN_ | Employer's Address |
| Driver's License Number ~~_____~~  State | Telephone Number | | Employer's Telephone Number | |

☐ Property Bond   ☒ Professional Surety/Bail Company Bond   ☐ Cash Bond

COURT RECORD: Original    DEFENDANT: Copy    SURETY: Copy

eCASE Manager
Case Management System
Cost-effective * Accurate * Secure * Efficient

HDI SOLUTIONS

▸Home    ▸Search    ▸Case Management    ▸Administration    ▸Reports    ▸Logout    ▸Help

Login Name:  dteodoro

Booking Number: JP-08262013-6037   Booked-In Date: 08/26/2013   Current Status: RELEASED   Last Updated: 2013-10-22 15:24:11

Inmate: DOWDELL, CALVIN   Release Date: 10/18/2013   Meal Code:   Hold:

[Book In]

[HIDE]

- Jail Processing
  - LCSO-Jail Processing
    - OCA 21772
  - LCSO-Booking Charges
    - Add New Form
    - (R)41CS1998-70.04&41CS2010-389.02 PURGE $ 500
    - BURGULARY III 3000.00 (VOID)
  - LCSO-Arrest
    - F6
  - LCSO-Booked-In And Released
    - LCRC
  - LCSO-Medical Screening Form
    - Add New Form
    - DOWDELL-4
  - LCSO-Booking Property
    - Add New Form
    - BIN# 431
  - LCSO-Courts
  - LCSO-Disciplinary Report
  - LCSO-Holds
  - LCSO-Inmate Transport
    - Add New Form
    - 8-29-13
    - WORK DETAIL 8/30/13
    - WORK DETAIL 8/31/13
    - 09/01/2013
    - 2125174_39 Inmate Transport_2013-09-01_15:56
    - 2125176_39 Inmate Transport_2013-09-01_15:58
    - 9-2-13
    - 9-3-13
    - 09/4/13
    - 9-6-13
    - 9-7-13
    - WORK DETAIL 9/9/13
    - 09/10/2013
    - 9-11-13LCSO
    - 9-12-13
    - 09/13/13
    - 09-14-2013
    - 9-16-13
    - 9-17-13

FORM NAME: LCRC

Check Out and Edit

| Book In and Release |
|---|
| Booking Number: JP-08262013-6037 |
| Next Projected Release Date from Charges: |
| Final Projected Release Date from Charges: 10/18/2013 |

| Is the Inmate charged with a Felony? | No ▼ |
|---|---|
| Meal Code | LEE COUNTY SHERIFF'S OFFICE ▼ |
| | (NOTE: MEAL CODE SHOULD BE ASSIGNED TO THE DEPARTMENT/AGENCY THAT IS CHARGING THE INMATE. ALL FELONIES WILL DEFAULT TO LEE COUNTY SHERIFF OFFICE.) |
| Book In Date: | 8/26/2013 |
| Release Date: | 10/22/2013 |

| Booking Status | |
|---|---|
| | RELEASED ▼ |
| Release Type | COURT ORDER ▼ |
| Release Officer (Profile Last First | NONE ▼   TEODORO, DEBORAH J |

(Prefix,Last,First,   WORK DETAIL 9/18/13
9/19/2013
LEE COUNTY RECYCLING 9/21/2013
09/23/2013
09/24/13
LCSO-Medical Examination
LCSO-Notification of Charges
LCSO-Scanning Form
Associated Cases
[No association found]

(Prefix,Last,First,
Middle,Suffix)

Remarks
PURGE PAID,REVIEW 11/22/2013,NCIC CLEARED
BY LEANNE,RECEIVED ALL PROPERTY

Def. RFP Doc #000061

| State of Alabama<br>Unified Judicial System<br>Form C-42       Rev. 6/88 | ORDER OF RELEASE FROM JAIL | Case Number<br>41CS1998-070.04<br>41CS2010-389.02 |
|---|---|---|

IN THE _____ CIRCUIT _____ COURT OF _____ LEE _____, ALABAMA
_____(Circuit or District or Municipal)_____ _____(Name of County or Municipality)_____

☒ STATE OF ALABAMA

☐ MUNICIPALITY OF STATE OF ALABAMA     v. CALVIN DOWDELL

_____Defendant

TO THE JAILER WITH CUSTODY OF THE DEFENDANT:

You are ordered to release from your custody the above-named defendant, charged with the offense(s) of _____

_____ FTP CHILD SUPPORT _____

Reason(s) for Release: DEFENDANT PAID $ 500.00 (REDUCED) LUMP SUM PURGE IN FULL.

CHILD SUPPORT REVIEW SET FOR: NOVEMBER 22, 2013 AT 8:00 A.M.

Date October 18, 2013 _____ Judge/Clerk M. Matthews _____ By _____

COURT RECORD (Original) JAILER (Copy)

FILED

OCT 2 1 2013

IN OFFICE
MARY B. ROBERSON
CIRCUIT CLERK