**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

CALVIN DOWDELL,                        )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )    Case No. 3:17-cv-549-WKW-WC
                                       )
JAY JONES, *et al.*,                   )
                                       )
            Defendants.                )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the Motion to Dismiss (Doc. 32) Plaintiff's Third Amended Complaint (Doc. 29) filed by Defendants Jay Jones, the Sheriff of Lee County, Alabama, Richard Zayas, Deputy Sheriff of Lee County, and Corey Welch, the Assistant Administrator of the Lee County Jail. This matter has been referred to the undersigned United States Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." Doc. 27. On May 1, 2018, the undersigned entered an Order (Doc. 34) directing Plaintiff to file a response to Defendants' motion on or before May 18, 2018. Plaintiff has not filed a response to the motion.[1] For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that Defendants' motion be granted.

---

[1] The court's May 1, 2018, Order instructed Plaintiff to respond to both the instant Motion to Dismiss, filed by the individual Defendants, and the Motion to Dismiss (Doc. 30) filed by Lee County. *See* Doc. 34. In lieu of a response to Lee County's motion, Plaintiff filed a Motion for Voluntary Dismissal of Lee County (Doc. 35), which ultimately was granted. *See* Doc. 39.

## I.      BACKGROUND

This case has a lengthy procedural history that was aptly summarized by the District

Judge as follows:

> Although this action was removed to this court in August of 2017, it
> has been pending since May of 2015, when Plaintiff originally filed his
> complaint in the Circuit Court of Lee County, Alabama. *See* Doc. 1-1.
> Plaintiff sued Lee County, Lee County Sheriff Jay Jones, Sheriff's Deputies
> Richard Zayas and Robert Alexander, and a number of fictitious parties.
> Doc. 1-1 at 2. Plaintiff alleged violations of his constitutional rights pursuant
> to 42 U.S.C. § 1983, as well as several state law tort claims. *Id.* Over the
> following two years, discovery and motions practice ensued and additional
> complaints were filed. Of pertinence to today's Order are the following state
> court developments: Plaintiff filed his First Amended Complaint on
> September 29, 2015 (Doc. 1-2); the Circuit Court granted-in-part and denied-
> in-part the motions to dismiss filed by the defendants named in the First
> Amended Complaint on April 4, 2016, specifically declining to dismiss
> Plaintiff's claims against Lee County and Defendants Zayas and Jones in
> their individual capacities (Doc. 1-11 at 150-54); Plaintiff filed his Motion
> for Leave to File Second Amended Complaint to Add Additional Parties,
> namely Defendant Corey Welch, on June 29, 2017 (Doc. 1-11 at 265-66); the
> Circuit Court entered an order granting Plaintiff's Motion for Leave to File
> Second Amended Complaint on June 30, 2017, and instructed Plaintiff both
> to file the Second Amended Complaint on or before July 15, 2017, and to
> file, on or before July 21, 2017, another motion to compel to address
> purportedly inadequate discovery responses from Defendants (Doc. 1-11 at
> 268); Defendant Lee County filed its Motion for Summary Judgment on July
> 10, 2017 (Doc. 1-9); Plaintiff filed his Second Amended Complaint on July
> 14, 2017 (Doc. 1-4); Plaintiff filed his Motion to Accept Plaintiff's Second
> Motion to Compel on July 22, 2017 (Doc. 1-10); and Defendants filed their
> "Objection to the Second Amended Complaint" on August 1, 2017, in which
> Defendants asserted that Plaintiff's claim against Defendant Welch is time-
> barred (Doc. 1-11 at 496-97). On August 11, 2017, Defendant Welch filed
> his Notice of Removal of the action in this court. Doc. 1.
>
> . . .
>
> On August 17, 2017, Defendants filed their motions to dismiss
> pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing
> that Plaintiff's Second Amended Complaint fails to state any claims upon
> which relief could be granted under the Federal Rules' standard of pleading,

as explicated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* Docs. 14 at 4-12 & 16 at 4-8. On August 23, 2017, the court entered an Order (Doc. 17) instructing Plaintiff that, should he elect not to seek a timely remand of the matter to the state court, then he must file a written response and show cause why Defendants' motions to dismiss should not be granted on or before September 18, 2017. On that date, however, Plaintiff filed his Opposition to Defendant's Removal and Motion to Remand (Doc. 21). On September 19, 2017, Defendants filed their Response (Doc. 22) in opposition to Plaintiff's Motion to Remand, in which they argued that Plaintiff's Motion to Remand is untimely and without merit. Also on September 19, 2017, the court entered an Order (Doc. 23) directing Plaintiff to reply to Defendants' response and, particularly, to address Defendants' timeliness argument. Thereafter, on September 27, 2017, Plaintiff filed his Reply (Doc. 24), in which he argued that Defendant Welch failed to comply with the statutory requirements of removal, and thus failed to timely perfect the removal, and further asserted that his Motion to Remand was timely filed because he was never properly served with notice of the removal and, furthermore, the improper service he was afforded was not made until August 17, 2017. Finally, on September 29, 2017, Defendants filed their Reply (Doc. 25) to Plaintiff's reply, in which they argue that the removal was procedurally proper and timely perfected, notwithstanding any purported defects highlighted by Plaintiff.

Doc. 28 at 2-3. Against that backdrop, the District Judge ultimately denied Plaintiff's motion to remand, granted Plaintiff's motion to amend his complaint to conform to federal pleading standards, and, in pertinent part, denied, without prejudice, the individual Defendants' motion to dismiss the previous iteration of Plaintiff's complaint subject to their renewal of the motion, if appropriate, after Plaintiff filed his Third Amended Complaint. *See id.* at 16-17.

Plaintiff filed his Third Amended Complaint on April 13, 2018, and Defendants subsequently filed the instant motion seeking dismissal of the Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     PLAINTIFF'S FACTUAL ALLEGATIONS AND LEGAL CLAIMS

Plaintiff's Third Amended Complaint (Doc. 29) alleges, in the "Facts" section, that he suffered two instances of "overdetention" in the Lee County Jail.  His allegations respecting the first instance, in pertinent part, are as follows: a) the "Lee County Jail allows investigators or law enforcement to place holds, without a warrant, on individuals in the Lee County Jail[,]" and that the Lee County Sheriff's Department "has a policy that allows for an inmate that is to be processed for release to be detained beyond the release date . . . at the request of an investigator and/or law enforcement" without a warrant (¶¶ 16-18); that Defendants Jones, Zayas, and Welch have "a policy, pattern and practice of incarcerating [Plaintiff] longer than legally authorized (¶ 20); that all "booking and releases of individuals from the Lee County Jail are performed electronically" (¶ 22); that Plaintiff was arrested, without an arrest warrant, on May 24, 2013, and was detained at the Lee County Jail (¶¶ 23-24); that on May 25, 2013, he obtained a bond from a bonding company and was due to be released on that date according to Lee County's electronic case management system (¶¶ 25-28); that, instead, Plaintiff was released from detention on May 29, 2013 (¶ 30); that Plaintiff was held for the additional number of days due to a "hold" that was placed by some law enforcement officer or investigator (¶ 32); that Plaintiff "informed officers on several occasions that he should not be held since he had posted bond" (¶ 33); that Plaintiff "complained to Defendant Zayas" about his purported overdetention, but that Defendant Zayas "refused to address [Plaintiff's] concern about being overdetained, and instead informed [Plaintiff] he would have a 72 hour investigatory

hold" (¶ 34); and that, eventually, "Lee County Jail Staff removed the hold" from the County's case management system, and Plaintiff was released on May 29, 2013 (¶ 35).

Plaintiff's allegations respecting the second overdetention are as follows: a) on August 23, 2013, Plaintiff was taken into custody and detained at the Lee County Jail "due to child support arrearage" (¶ 39); on October 18, 2013, Plaintiff's mother satisfied his arrearage and a judge ordered Plaintiff released from custody (¶¶ 40-41); that the order of release was faxed or emailed "to an email established specifically for orders of committal and orders of release" (¶ 42); that, although Lee County's case management system indicated that Plaintiff was due to be released on October 18, 2013, he was not released until October 22, 2013 (¶¶ 43-44); and that "[w]hen [Plaintiff] complained of being held after an order for [h]is release, he was told by personnel that he was being held on a 72 hour hold" (¶ 46).

Plaintiff's Third Amended Complaint presents four claims: "Count Six,"[2] in which Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that Lee County violated his constitutional rights (¶¶ 59-70); "Count Seven," in which Plaintiff alleges, pursuant to state law, that Lee County was negligent in its failure to adequately maintain equipment and systems at the jail (¶¶ 71-75); "Count Eight," in which Plaintiff alleges, pursuant to § 1983, that Defendants Jones, Zayas, and Welch violated his constitutional rights, under color of state law, by detaining him "without legal probable cause" in the circumstances described above

---

[2]  "Count Six" is the first numbered claim in the Third Amended Complaint.  The undersigned presumes that this is mere oversight on Plaintiff's part, perhaps stemming from a failure to renumber his claims after others were excised from prior iterations of the complaint.

(¶¶ 76-94); and "Count Nine," in which Plaintiff alleges that Defendant Welch is liable, pursuant to state law, for false imprisonment due to the two instances of overdetention described in the Third Amended Complaint (¶¶ 95-104). Because Plaintiff has voluntarily dismissed Lee County from this lawsuit, and the instant motion therefore only concerns Plaintiff's claims against the individual Defendants, this Recommendation will address only the defenses raised regarding "Claim Eight" and "Claim Nine."

## III.   DEFENDANTS' ARGUMENTS

Defendants present a number of bases for concluding that Plaintiff has failed to state any claim for which relief could be granted, which they helpfully summarize as follows:

> Defendant Welch, who has only been recently added as a defendant, moves for dismissal based upon the statute of limitations and, to the extent necessary, Ala. Code § 14-6-1. All Defendants move for dismissal on the basis of qualified immunity. Additionally, Defendants move for dismissal of equitable claims, official capacity claims, and claims alleged under the Fourth and Eighth Amendments.

Doc. 33 at 1-2.

## IV.   STANDARD OF REVIEW

When ruling on a motion pursuant to Rule 12(b)(6), "the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). In order to state a claim upon which relief could be granted, a complaint must satisfy the pleading standard of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires that a plaintiff submit a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to survive Defendants' motion to dismiss, Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are 'merely consistent with' a defendant's liability, however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" that supports the claims alleged in the complaint, then the claim is "plausible" and the motion to dismiss should be denied

and discovery in support of the claims should commence. *Twombly*, 550 U.S. at 556. But, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Ultimately, in assessing the plausibility of a plaintiff's claims, the court is to avoid conflating the sufficiency analysis with a premature assessment of a plaintiff's likelihood of success because a well-pleaded claim shall proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## V.   DISCUSSION

### A.   Plaintiff's failure to respond to the motion to dismiss warrants dismissal.

Despite being instructed to respond to Defendants' motion to dismiss on or before May 18, 2018, Plaintiff—who is represented by an attorney—has not filed a response in the approximately ten intervening months. Plaintiff cannot claim inadvertence or oversight; on the date his response was due, Plaintiff filed a motion to voluntarily dismiss Lee County in lieu of the response to Lee County's motion that was required by the very same show cause order that required Plaintiff to respond to the instant motion. Under such circumstances, the court is justified in concluding that Plaintiff has abandoned or failed to prosecute his claims against Defendants. *See, e.g., Madura v. Lakebridge Condominium Ass'n Inc.*, 382 F. App'x 862, 866 (11th Cir. 2010) (finding no abuse of discretion by district court where it dismissed the plaintiff's claim "for want of prosecution" because the plaintiff "failed to respond to the district court's order to show cause."). *See also Kirkland v. County Com'n of Elmore County, Alabama*, Civ. No. 2:08-cv-086-MEF, 2009 WL

596538, at *2 (M.D. Ala. Mar. 6, 2009) (collecting cases). Because Plaintiff has failed to prosecute or otherwise has abandoned his claims, Defendants' motion is due to be granted. Nevertheless, for the reasons that follow, the court need not dismiss the Third Amended Complaint purely on this basis, as Defendants' other arguments warrant dismissal of the Complaint.

**B.  Plaintiff's newly added constitutional claims against Defendants Jones and Welch are untimely.**

Defendants first argue that, because the events comprising the factual predicates of Plaintiff's claims against Defendants occurred on May 24-29, 2013, and October 18-22, 2013, respectively, the time for bringing Plaintiff's claims in this action expired no later than October 22, 2015. Thus, Defendants submit, Plaintiff's failure to bring any claim against Defendant Welch until he was added as a party to the Second Amended Complaint on July 14, 2017, renders his claims against Defendant Welch untimely. Likewise, Defendants argue that the claim for supervisory liability against Defendant Jones for his purported failure to properly train and supervise his employees, which appears incorporated into Plaintiff's § 1983 claim against all Defendants (*see* Doc. 29, ¶¶ 87-89), is barred by the statute of limitations because it was not included in the Second Amended Complaint and was instead raised for the first time in Plaintiff's Third Amended Complaint filed on April 13, 2018. Doc. 33 at 7-8. Finally, Defendants similarly argue that Plaintiff's state-law false imprisonment claim against Defendant Welch is untimely because it was not raised until Plaintiff filed his Third Amended Complaint.

"All constitutional claims brought under § 1983 are tort actions and, thus, are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Boyd v. Warden, Holman Correctional Facility*, 856 F.3d 853, 872 (11th Cir. 2017).  In Alabama, that period of limitations is two years.  *Id.* (citing Ala. Code § 6-2-38).  The undersigned first considers Plaintiff's new "supervisory liability" claim against Defendant Jones based on his purported failure to properly train and supervise his employees.  Plaintiff does not argue, and the undersigned has not located in his own review, any claim against Defendant Jones for failure to adequately train and supervise his employees presented in any iteration of the complaint prior to the Third Amended Complaint.  Nor has Plaintiff argued that any such claim—presented for the first time in the Third Amended Complaint—somehow relates back to an earlier, timely iteration of the complaint.  In general, "[u]nder Rule 15, a claim in an amended complaint relates back to the filing date of the original complaint if it 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading.'"  *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018) (quoting Fed. R. Civ. P. 15(c)(1)(B)).  Where "new claims" "involve separate and distinct conduct, such that the plaintiff would have to prove completely different facts than required to recover on the claims in the original complaint, the new claims do not relate back."  *Id.* (quotation and citation omitted).  The Second Amended Complaint presents no factual allegations pertaining to any failure by Defendant Jones to properly train or supervise Defendants Zayas or Welch or any other subordinate under his charge.  From a fair reading of the Second Amended Complaint, Defendant Jones would not have been put

on notice that his purported failure to properly train and supervise his subordinates might be asserted by Plaintiff.  Consequently, and in the absence of any countervailing argument by Plaintiff, the undersigned concludes that Plaintiff's supervisory liability claim against Defendant Jones for his failure to adequately train and supervise his subordinates does not relate back to a prior, timely version of Plaintiff's complaint and is therefore barred by the applicable statute of limitations.

With respect to Plaintiff's claims against Defendant Welch, who was not added as a Defendant until the filing of the Second Amended Complaint, pursuant to the authority discussed above it appears from the face of the complaint that any § 1983 claim lodged against Defendant Welch is time-barred.  In failing to respond to Defendants' motion to dismiss, Plaintiff has plainly failed to present any argument that his constitutional claim against Defendant Welch somehow relates back to a prior, timely version of the complaint. Rule 15(c)(1)(C) permits an amendment that "changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if . . . the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  In other words, with respect to a plaintiff's effort to add a defendant after the lapsing of a statute of limitations, the "purpose of [the relation-back provisions] of Rule 15(c) is to permit amended complaints to relate back to the original filings for statute of limitations purposes when the amended complaint is correcting a mistake about the identity of the defendant." *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998).  The onus is on Plaintiff to show

such a mistake or that Defendant Welch "received notice of the action prior to the running of the statute of limitations." *Bloom v. Alvarez*, 498 F. App'x 867, 873 (11th Cir. 2012). Plaintiff has wholly failed to meet this burden. As such, his constitutional claim against Defendant Welch in "Claim Eight" is due to be dismissed as untimely.

Defendants also appear to argue that Plaintiff's state law claim for false imprisonment against Defendant Welch is untimely for the same reasons as are the constitutional claims discussed above. Doc. 33 at 8. However, Plaintiff's state-law claim for false imprisonment alleges a "trespass to person or liberty" that falls within the ambit of a different state statute of limitations, Ala. Code § 6-2-34(1), and which is afforded a six-year period of limitations. As the Third Amended Complaint appears to allege that Defendant Welch falsely imprisoned Plaintiff at two points in 2013, the undersigned cannot conclude that Plaintiff's filing of this claim in 2018 is untimely.[3]

### C.    Defendants are entitled to qualified immunity.

Qualified immunity protects "government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In order for government officials to enjoy qualified immunity, they must first establish that they were acting within the scope of their discretionary authority when the alleged wrongful acts occurred. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). Once it has been

---

[3]  However, even if timely, for reasons explained later in this Recommendation, Plaintiff's false imprisonment claim against Defendant Welch is still due to be dismissed.

determined that an official was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to establish that qualified immunity is inappropriate, by showing that the official violated clearly established constitutional law. *Id.* "Whether a constitutional right was 'clearly established' at the time of the violation turns on whether it would be clear to a reasonable [defendant] that his conduct was unlawful in the situation he confronted." *Gray ex rel. Alexander v. Bostic,* 458 F.3d 1295, 1306 (11th Cir. 2006) (internal quotation omitted). Courts "recognize three sources of law that would put a government official on notice of statutory or constitutional rights: specific statutory or constitutional provisions; principles of law enunciated in relevant decisions; and factually similar cases already decided by state and federal courts in the relevant jurisdiction." *Goebert v. Lee Cty.,* 510 F.3d 1312, 1330 (11th Cir. 2007).

The United States Supreme Court "has repeatedly stressed the importance of resolving qualified immunity questions at the earliest possible stage in litigation." *Bloom v. Alvereze*, 498 F. App'x 867, 878 (11th Cir. 2012) (citing *Pearson*, 555 U.S. at 232). While qualified immunity is typically addressed at summary judgment, it may be raised on a motion to dismiss and granted if the plaintiff's complaint fails to allege the violation of a clearly established constitutional right. *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002); *Marsh v. Butler Cty.*, 268 F.3d 1014, 1023 (11th Cir. 2001) (en banc) ("We apply the qualified immunity defense to dismiss a complaint at the 12(b)(6) stage where, (1) from the face of the complaint, (2) we must conclude that (even if a claim is otherwise sufficiently stated), (3) the law supporting the existence of that claim—given the alleged circumstances—was not already clearly established, (4) to prohibit what the

13

government-official defendant is alleged to have done, (5) before the defendant acted."). When qualified immunity is asserted as a defense in a Rule 12(b)(6) motion, "the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined." *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1366 (11th Cir. 1998). This requires the complaint to contain "specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity," in order to survive. *Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003); *see also Staco v. Miami-Dade Cty.,* 536 F. Supp. 2d 1301, 1304 (S.D. Fla. 2008) ("[A] claim can be dismissed where a plaintiff pleads facts or makes admissions that demonstrate that a defense is applicable on the face of the pleadings."). Notably, qualified immunity represents the rule, rather than the exception: "Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity." *Lassiter v. Ala. A&M Univ., Bd. of Trustees,* 28 F.3d 1146, 1149 (11th Cir. 1994).

Here, Defendants assert that they are entitled to qualified immunity because the Third Amended Complaint does not allege a plausible claim for over-detention against any of the individual defendants and because Plaintiff has not shown that clearly established law gave Defendants fair warning that their alleged conduct violated Plaintiff's constitutional rights. Doc. 33 at 13-16, 19-20. Defendants' argument is well-taken. First, there is no allegation in the Third Amended Complaint suggesting that any Defendant was not acting within the scope of his discretionary authority. The individual Defendants are the Sheriff of Lee County, Defendant Jones, and subordinate officers under the Sheriff's

14

command, including Defendant Welch, the Assistant Administrator of the Lee County Jail (*see* Doc. 29 at ¶ 2), and Defendant Zayas, who the undersigned infers from the complaint works at the Jail but whose title is not specifically alleged.[4]   Clearly, administration of the Lee County Jail is within the discretionary function of the individuals sued by Plaintiff.  As the court can only conclude from the face of the Third Amended Complaint that the individual Defendants were acting at all times within the scope of their discretionary authority, the court must then determine whether Plaintiff has alleged sufficient plausible facts showing that qualified immunity is not appropriate because the Defendants violated clearly established constitutional law.   Unfortunately, Plaintiff's Third Amended Complaint, largely devoid of specific factual allegations respecting the conduct of any of the individual Defendants,[5] fails to meet this burden.  Furthermore, in failing to respond to the motion to dismiss, Plaintiff has abandoned the opportunity to argue otherwise.

---

[4]   Plaintiff's allegations in the "Parties" section of the Third Amended Complaint appear incomplete.  Defendants Jones and Zayas are merely referenced in ¶¶ 13-14 of the Complaint with no other information provided, including their job titles.  Elsewhere in the Complaint, Jones is identified as the Sheriff and Welch is identified as the Assistant Administrator of the Lee County Jail, *see* ¶ 2, but Plaintiff fails to allege the job or title of Defendant Zayas.  Plaintiff's factual allegations do strongly imply, however, that Zayas is employed in some capacity at the Jail.  *See, e.g.,* ¶ 34.  Defendants' motion states that Zayas is Deputy Sheriff of Lee County.  Doc. 33 at 1.

[5]   As reflected in the summary of Plaintiff's factual allegations set out earlier in this Recommendation, Plaintiff's factual allegations respecting the conduct of the individual Defendants are threadbare.  Indeed, Defendant Zayas, who is alleged to have refused to investigate Plaintiff's claim that he was due to be released on bond during his first overdetention, is the only individual Defendant linked by a specific allegation of fact to the first overdetention about which Plaintiff complains.  *See* Doc. 29 at ¶ 34.  There are no specific allegations of fact linking Plaintiff's second overdetention to the actions of any Defendant.  *Id.* at ¶¶ 39-48.  Moreover, Plaintiff's statement of his claims is unduly scattershot.  All three individual Defendants are named in Count Eight, with seemingly different theories of liability supporting the constitutional tort alleged against each Defendant.  For example, Defendant Jones appears to be sued because, as the Sheriff, he purportedly failed to adequately train and supervise inferior officers and because he devised,

In order to state a claim that his overdetention violated his Fourteenth Amendment due process rights,[6] Plaintiff must plead facts tending to show that Defendants had "subjective knowledge of a risk of serious harm" and that they disregarded that risk through conduct amounting to more than mere negligence. *West*, 496 F.3d at 1327. In other words, Plaintiff must plead and sustain a claim that Defendants were deliberately indifferent. *Id.* The Third Amended Complaint falls short of this threshold. As to Defendant Welch, the undersigned has already determined that Plaintiff's § 1983 claim is untimely. Even if the claim were not untimely, however, there is no allegation in the Third Amended Complaint that Welch did anything in particular that caused the overdetentions, and resulting constitutional harm, about which Plaintiff complains. The only specific factual allegation respecting Defendant Welch in the Third Amended Complaint is Plaintiff's allegation that Defendant Welch explained at a deposition that "his investigation of Plaintiff's over-detentions were due to the fax machine not receiving the faxed order of release, on the one occasion, and the other overdetention was due to the hold." Doc. 29 at ¶ 19; *id.* at ¶ 32 (alleging that Welch testified that the "hold" was "placed by the investigator for the arrest on May 24, 2013"). In other words, Plaintiff only alleges that Welch investigated the

---

enforced, or failed to remedy a policy, custom, or practice that caused the harm alleged by Plaintiff. Zayas, on the other hand, is alleged to have ignored Plaintiff's complaints of overdetention in one instance. There is no clearly articulated theory of liability against Welch. Perhaps Plaintiff could have clarified or compensated for the ambiguities in his pleading by explication in a response to Defendants' motion to dismiss, but Plaintiff has failed to file any response.

[6] Plaintiff alleges that his overdetention violated his rights pursuant to the "Fourth, Eighth, and Fourteenth Amendments[.]" Doc. 29 at ¶ 77. However, Defendants' argument, *see* Doc. 33 at 9-10, that the Fourth and Eighth Amendments are not applicable to Plaintiff's claims, and that the claim is properly construed as a Fourteenth Amendment due process claim, is well-taken. *See West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007).

causes of the overdetentions after-the-fact, not that he specifically did anything to cause them. With no well-pleaded factual allegation that Defendant Welch somehow caused the alleged constitutional harm suffered by Plaintiff, the undersigned cannot conclude that Plaintiff's factual allegations state any claim for deliberate indifference against Defendant Welch. Consequently, Defendant Welch is entitled to the protection of qualified immunity.

As to Defendant Jones, as with Defendant Welch, the undersigned has already concluded that Plaintiff's § 1983 supervisory liability claim based upon Jones's purported failure to adequately train and supervise his subordinates is time-barred. The only other allegations of any conduct by Jones are minimal. Plaintiff appears to allege that Jones "replace[d] the eCase Management HDI system on a backup that can no longer be accessed by the current system used in the Lee County Jail[.]" *Id.* at ¶32. Such allegation, even if true, does not permit the court to infer that Jones knew that replacing a software system somehow would violate Plaintiff's constitutional rights, or that Jones was deliberately indifferent to the risk of harm to Plaintiff's rights. In short, nothing in the Third Amended Complaint presents a timely allegation that Defendant Jones committed any act with notice that his actions may constitute a violation of Plaintiff's clearly established constitutional rights.[7]

---

[7]  To the extent that Plaintiff intended to allege that Defendant Jones, as Sheriff of Lee County, is a "policymaker" and is therefore responsible for the policy or custom that caused the harm he alleges in the Third Amended Complaint, *see, e.g.,* Doc. 29 at ¶¶ 18, 80, 87-88, he has failed to state a claim for supervisory liability as to Jones under that theory. Plaintiff has not alleged sufficient facts showing that Jones was aware of a history of widespread abuse that placed him on notice of the need to correct the deprivation about which Plaintiff complains. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Indeed, the Third Amended Complaint presents specific allegations respecting only two instances of overdetention, one that resulted from a missed fax and the other from an investigatory hold placed by an arresting officer. Isolated occurrences—

Finally, as to Defendant Zayas, although Plaintiff presents at least one allegation of fact about Zayas's actions or inactions contemporaneous with Plaintiff's alleged harm, Plaintiff has not pled specific facts showing that Zayas is not entitled to qualified immunity. Plaintiff simply alleges that he "complained to Defendant Zayas" that he was due to be released after executing a bond during his first overdetention, but that Zayas "refused to address [Plaintiff's] concern . . . and instead informed [him] he would have a 72 hour investigatory hold." Doc. 29 at ¶ 34. Elsewhere, Plaintiff alleges that this "hold" was "placed by the investigator for the arrest on May 24, 2013." *Id.* at ¶ 32. Although Plaintiff alleges that Defendant Zayas's failure to investigate his complaint of being overdetained was "deliberately indifferent," he cites no authority for his proposition that Zayas was not entitled to rely upon any information he had respecting the hold placed by the arresting officer, much less that any such reliance and resulting failure to investigate Plaintiff's complaints could amount to anything more than mere negligence on the part of Zayas.

In any event, the Third Amended Complaint does not allege that Zayas had any reason to believe, apart from Plaintiff's own complaints, that there was no hold on Plaintiff or that any hold that appeared to be in place was erroneous and/or unlawful. Nor is there

---

especially where one appears related to a missed fax or email rather than application of any policy, custom or practice—are insufficient to sustain a claim of supervisory liability based on policy or custom. *Keith v. DeKalb Cty., Ga.,* 749 F.3d 1034, 1047-48 (11th Cir. 2014) (citing *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Although the burden to sufficiently plead a claim of this type is not particularly onerous, *see Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (finding plaintiff's policy, custom, or practice claim sufficiently pleaded where plaintiff alleged that municipality executed a "cleanup program" to confiscate and destroy derelict boats and that he had lost his boat to this program and knew of other "mariners" similarly affected), the undersigned must conclude that Plaintiff's Third Amended Complaint—which, again, appears only to mention two instances of any overdetention—fails to meet this burden.

any allegation in the Third Amended Complaint that Zayas knew of or was in possession of any document, be it a court order or otherwise, commanding the immediate release of Plaintiff from the custody of the Lee County Jail. As such, Plaintiff has failed to state a claim for deliberate indifference against Zayas related to his first overdetention. *See West*, 496 F.3d at 1328 (concluding that a jail corrections officer's failure to timely investigate a detainee's claim of overdetention amounted to nothing more than negligence and, hence, was insufficient to sustain a claim of deliberate indifference related to overdetention). And, as discussed previously, the Third Amended Complaint presents no specific allegations of fact implicating Zayas, or any other Defendant, in Plaintiff's second overdetention.

In sum, the allegations of the Third Amended Complaint establish that Defendants were acting within the scope of their official duties during the events about which Plaintiff complains, and Plaintiff has failed to carry his burden to plead sufficient plausible facts showing that Defendants violated clearly established constitutional law. As such, Defendants are entitled to the protection of qualified immunity.

**D.    Defendant Welch is immune from Plaintiff's false imprisonment claim.**

Plaintiff's lone remaining claim, his state law claim that Defendant Welch falsely imprisoned him, is due to be dismissed pursuant to state sovereign immunity. First, as discussed above, Plaintiff's allegations respecting any specific conduct by Defendant Welch are lacking in sufficient detail to conclude that he has even stated a plausible false imprisonment claim against Defendant Welch. However, even assuming that his allegations are sufficient, Plaintiff has failed to plead any facts that would negate the

application of sovereign immunity pursuant to Ala. Code § 14-6-1.  That statute provides as follows:

> The sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto, except in cases otherwise provided by law. The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible. Persons so employed by the sheriff shall be acting for and under the direction and supervision of the sheriff and shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 1901, as long as such persons are acting within the line and scope of their duties and are acting in compliance with the law.

As the Eleventh Circuit has recognized, "[t]he State of Alabama is immune from suit, and that sovereign immunity extends to Alabama sheriffs and their deputies 'when [they are] executing their law enforcement duties.'"  *Johnson v. Conner*, 754 F.3d 918, 919-20 (11th Cir. 2014) (quoting *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 793 (1997)).  This is a relatively recent innovation of Alabama law, as, prior to 2011, Alabama courts did not extend sovereign  immunity to jailers, thereby causing the Alabama legislature to amend § 14-6-1 to encompass jailers and sheriff's deputies.  *See id.* at 920 (citing *Ex parte Shelley*, 53 So.3d 887, 896 (Ala. 2009)).

Defendant Welch has invoked the sovereign immunity provided by § 14-6-1.  *See* Doc. 33 at 20-21. Plaintiff's allegations make clear that, whatever he did, Welch was acting as the Assistant Administrator of the Lee County Jail.  *See* Doc. 29 at ¶ 2.  There are no plausible allegations in the Third Amended Complaint that Welch acted outside the line and scope of his employment.  Hence, the statute's first prong is satisfied.  Furthermore, although Plaintiff alleges that Welch "breached a duty of care owed to Plaintiff," *id.* at ¶

97, there are no plausible, well-pleaded allegations tending to show that Welch failed to act "in compliance with the law," as required by the second prong of the statute. Indeed, in the absence of guidance from the state courts or controlling authority from the Eleventh Circuit, and based upon a lengthy and cogent analysis of the statutory text, the United States District Court for the Northern District of Alabama recently and persuasively held that § 14-6-1 "provides sovereign immunity to jailers for all state law torts (just like sheriffs and sheriff deputies) so long as those jailers are acting within the line and scope of their duties and they are complying with criminal statutes, civil statutes, and constitutional standards." *Young v. Myhrer*, 243 F. Supp.3d 1243, 1258 (N.D. Ala. 2017). The undersigned concurs with this well-reasoned interpretation of the second prong of § 14-6-1. Because Plaintiff's Third Amended Complaint does not present plausible allegations of fact showing that Welch was not in compliance with criminal statutes, civil statutes, or constitutional standards, Plaintiff's state law tort claim for false imprisonment is subject to the immunity afforded by the statute. As such, and in the absence of any response to Defendants' motion to dismiss, Plaintiff has presented no basis for any conclusion that Welch is not entitled to sovereign immunity pursuant to § 14-6-1 with respect to Plaintiff's false imprisonment claim.

## VI.   CONCLUSION

For all of the foregoing reasons, the undersigned Magistrate Judge hereby RECOMMENDS that Defendants' Motion to Dismiss (Doc. 32) be GRANTED. It is further

21

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 27, 2019**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 13th day of March, 2019.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE