IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN DOWDELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:17-CV-549-WKW |
| | ) | [WO] |
| JAY JONES, *et al.*, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On March 13, 2019, the Magistrate Judge filed a Recommendation that the district court grant Defendants' motion to dismiss Plaintiff's third amended complaint. (Doc. # 40.) No timely objections have been filed. Upon an independent review of the record and upon consideration of the Recommendation, the court finds that the recommendation is due to be adopted as modified herein.

The Recommendation concludes that all Defendants are entitled to qualified immunity on the 42 U.S.C. § 1983 claims because Plaintiff does not plausibly allege that Defendants violated any of his clearly established constitutional rights. To the extent Plaintiff seeks monetary damages against Defendants, that conclusion is correct. But qualified immunity does not shield government actors from claims for injunctive and declaratory relief. *See D'Aguanno v. Gallagher*, 50 F.3d 877, 879

(11th Cir. 1995). Since Plaintiff's third amended complaint seeks injunctive relief, (*see* Doc. # 29, at 15), qualified immunity is not a complete defense to Plaintiff's § 1983 claims.

Plaintiff's complaint still fails to state a claim under Rule 12(b)(6), however, because he did not plausibly allege a constitutional violation. Plaintiff did not object to the Recommendation's conclusion that Plaintiff pleaded no facts, only conclusory allegations, to plausibly assert that Defendants were deliberately indifferent, (*see* Doc. # 40, at 16 (citing *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007)), and the court finds that conclusion to be correct.

The court also agrees with the Recommendation's conclusions that: (1) Plaintiff's § 1983 supervisory liability claim based on Defendant Jones's failure to adequately train and supervise; and (2) Plaintiff's § 1983 claims against Defendant Welch are both time-barred. Finally, the court agrees with the Recommendation's conclusion that Defendant Welch is protected by state immunity because there is no plausible allegation that Welch was not acting in compliance with the law. For these reasons, the Recommendation is due to be adopted as modified herein and the case dismissed with prejudice.[1]

---

[1] The Recommendation did not state whether dismissal should be with or without prejudice. But it is well-settled that dismissal under Rule 12(b)(6) operates as a dismissal on the merits, *see*

It is ORDERED:

(1) The Recommendation (Doc. # 40) is ADOPTED as modified herein.

(2) Defendants' motion to dismiss (Doc. # 32) is GRANTED.

(3) This case is DISMISSED with prejudice.

A separate final judgment will be entered.

DONE this 29th day of March, 2019.

                                        /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE

---

*NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990), and that in the absence of a statement to the contrary in the court's order, involuntary dismissal operates as a dismissal on the merits, *see* Fed. R. Civ. P. 41(b). The court therefore finds that the Magistrate Judge implicitly recommended dismissal with prejudice.